IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUIS FELIPE TERCERO RAFAEL,<br><br>Petitioner,<br><br>vs.<br><br>DAVID EASTERWOOD, in their official capacity as acting St. Paul Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement; KRISTI NOEM, or acting Secretary of the United States Department of Homeland Security, in their official capacity as Secretary of the United States Department of Homeland Security; PAMELA BONDI, in their official capacity as Attorney General of the United States; TODD M. LYONS, in their official capacity as Acting Director of the United States Immigration and Customs Enforcement; and GENE SAMUELSON, in their official capacity as Warden of Phelps County Jail,<br><br>Respondents. | **4:26CV3080**<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

In this action for habeas corpus relief pursuant to 28 U.S.C. § 2241, filed March 5, 2026, Petitioner Luis Felipe Tercero Rafael, an alien who is a citizen of Guatemala, challenges his detention by Immigration and Customs Enforcement (ICE) at the Phelps County Jail in Holdrege, Nebraska. Filing 1 at 2 (¶¶ 1–2, 6). In his Petition for Writ of Habeas Corpus, he first seeks enforcement of his rights as a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.). Filing 1 at 2 (¶ 1), 2 (¶ 4), 10 (¶¶ 41–46). He also asserts that even if he is not entitled to relief based on *Maldonado Bautista* class

1

membership, 8 U.S.C. § 1226 and § 1225 demonstrate that he is detained under§ 1226(a). Filing 1 at 2 (¶ 5), 11 (¶¶ 47–50).

Section 2243 of Title 28 of the United States Code sets out the applicable procedure for habeas corpus actions. It states in pertinent part,

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243. Thus, under § 2243, a court presented with a § 2241 petition must either (1) "award the writ"; (2) issue an order to show cause why the writ should not be granted; or (3) deny the writ because the applicant is not entitled to it. *See, e.g.*, *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022) ("Under 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." (quoting 28 U.S.C. § 2243)).

The Court concludes that Tercero Rafael is not entitled to immediate award of the writ. 28 U.S.C. § 2243 (first option). Nor is the Court required to "issue an order to show cause why the writ should not be granted," because "it appears from the application that [Tercero Rafael] is not entitled to [award of the writ]." 28 U.S.C. § 2243; *Crayton*, 27 F.4th at 656.

For the reasons set out in more detail in this Court's decision in *Alberto Rodriguez v. Jeffreys*, No. 8:25CV714, 2025 WL 3754411, at *7–11 (D. Neb. Dec. 29, 2025), the Court denies Tercero Rafael relief based on the decisions in *Maldonado Bautista* as he alleges in Count I of his Petition. Tercero Rafael argues that the *Maldonado Bautista* court issued binding final judgments on Federal Respondents granting declaratory judgment that the Bond Eligible Class members like him are detained under 8 U.S.C. § 1226(a) and thus may not be denied consideration for release on bond under § 1225(b)(2)(A). Filing 1 at 6 (¶ 23) (citing *Maldonado Bautista*, 2025 WL 3678485, at *1). However, this Court concluded in *Alberto Rodriguez* that the *Maldonado Bautista*

decisions are void as to class members and custodians outside of the Central District of California. 2025 WL 3754411, at *7–9. The Court concluded there—and reiterates here—that this conclusion was sufficient standing alone to deny a petition for a writ of habeas corpus premised on *Maldonado Bautista*. *Id.* at *9. Tercero Rafael has not convinced the Court otherwise. In *Alberto Rodriguez*, the Court also concluded that *Maldonado Baustista* does not have preclusive effect because an attempt to bar Federal Respondents from relitigating the issues presented in *Maldonado Bautista* is "nonmutual offensive issue preclusion," which is "unavailable against the United States.'" *Alberto Rodriguez*, 2025 WL 3754411, at *10 (quoting *Trump v. CASA, Inc*., 606 U.S. 831, 852 n.13 (2025), and *United States v. Mendoza*, 464 U.S. 154, 162 (1984)). For this further reason, Tercero Rafael's claim for relief based on the decisions in *Maldonado Baustista*, like Alberto Rodriguez's comparable claim, is denied.

For the reasons set out in more detail in the Court's decisions in *Alberto Rodriguez*, 2025 WL 3754411, at *11–14, and *Meraz v. Bondi*, No. 8:26CV27, 2026 WL 472822, at *9–15 (D. Neb. Feb. 19, 2026), the Court denies Tercero Rafael's claim that he is detained without bond under the wrong statute, 8 U.S.C. § 1225(b)(2), instead of 8 U.S.C. § 1226, as set out in Count II of his Petition. As the Court explained in *Alberto Rodriguez* and *Meraz*, the Court concludes that § 1225(b)(2) and § 1226(a) overlap: "'[A]lien[s] present in the United States who ha[ve] not been admitted' defined in § 1225(a)(1), to whom § 1225(b)(2) applies, include—as a matter of plain language—the same group of aliens to whom the Supreme Court stated § 1226(a) applies, that is 'aliens already present in the United States.'" *Alberto Rodriguez*, 2025 WL 3754411, at *12 (quoting *Jennings v. Rod*riguez, 583 U.S. 281, 297 (2018)); *Meraz*, 2026 WL 472822, at *9. Like Alberto Rodriguez and Meraz, Tercero Rafael is properly detained under § 1225(b)(2) even if he is also subject to § 1226(a):

> Alberto Rodriguez is an "applicant for admission" as defined by § 1225(a) in that he is "[a]n alien present in the United States who has not been admitted." 8 U.S.C.

3

§ 1225(a) (defining "applicant for admission"). He is also an "applicant for admission" consistent with the conclusion of the BIA in *Hurtado* and the Supreme Court in *Jennings*. Just because Alberto Rodriguez illegally remained in this country for years does not mean that he is suddenly not an "applicant for admission" under § 1225(b)(2).

*Alberto Rodriguez,* 2025 WL 3754411, at *12; *see also Meraz,* 2026 WL 472822, at *11–15. The same is true of Tercero Rafael. The Supreme Court has explained that "neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings." *Jennings,* 583 U.S. at 297. Moreover, the Fifth Circuit Court of Appeals embraced an essentially similar analysis of the issue in *Buenrostro-Mendez v. Bondi,* 2026 WL 323330 (5th Cir. Feb. 6, 2026). As Judge Jones explained in *Buenrostro-Mendez,* "It is true that § 1226 applies to aliens in the United States. That it does so, however, does not preclude § 1225 from also applying to such aliens. As the government acknowledges, the two provisions overlap." *Buenrostro-Mendez,* 2026 WL 323330, at *7. Thus, Tercero Rafael is not entitled to relief on his claim that he is held under the wrong statute, and he is not entitled to a bond hearing.

Accordingly,

IT IS ORDERED that Petitioner Tercero Rafael's Petition for Writ of Habeas Corpus, Filing 1, is denied.

Dated this 17th day of March, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge

4